**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cr-166 (DLF) |
| | ) | |
| **MARCEL VINES, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR INTERIM VOUCHER PAYMENTS**

**COMES NOW**, the Defendant, by counsel, and respectfully requests that this Honorable Court authorize interim voucher payments in this case for counsel and their experts. In support of this relief, counsel asserts the following:

1. Mr. Vines is charged in a multi-count indictment with numerous felony offenses, including crimes that could subject him to the death penalty upon conviction. The United States Attorney and the Department of Justice are actively considering whether to authorize the death penalty in this case. As part of the process leading to the decision of whether to seek the death penalty, counsel for Mr. Vines will be invited to submit information and arguments, on his behalf, in support of a decision to forego capital punishment in this case. In order to effectively advocate against the death penalty, counsel needs to complete an exhaustive investigation into Mr. Vines childhood and background in order to uncover all potentially mitigating circumstances. To accomplish this task, counsel has enlisted the assistance of a paralegal, an investigator, a mitigation specialist, and a forensic psychologist, each of whom has been appointed by this Court.

2. Although the meeting with the Capital Case Review Committee ("the Committee") – the body which will recommend a course of action to the Attorney General – has not yet been set, it is anticipated that undersigned counsel will meet with the Committee in April, 2020. The

initial investigation into potential mitigating circumstances, therefore, must be completed in advance to allow counsel to provide a detailed written submission to the Committee.

3. "[T]he penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two." *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976). Because "death is different," the United States Constitution requires that "extraordinary measures [be taken] to insure that" Mr. Vines "is afforded process that will guarantee, as much as is humanly possible, that [a sentence of death not be] imposed out of whim, passion, prejudice, or mistake." *Caldwell v. Mississippi*, 472 U.S. 320, 329 n.2 (1985) (quoting *Eddings v. Oklahoma*, 455 U.S. 104, 118 (1981) (O'Connor, J., concurring)). Because this case involves a capital prosecution, counsel is mindful not only of the additional procedural requirements involved, as a mater of due process, but of his additional responsibilities in assuring Mr. Diaz Flores receives the effective assistance of counsel at all stages of these proceedings. *See generally*, American Bar Association, *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (Feb. 2003).

4. This matter is extended and complex. In addition to complications arising from the nature of this prosecution and authorization process, this case involves an exhaustive and complex investigation, begetting voluminous discovery. The current indictment charges three defendants with eleven counts charging various offenses, including two murders in 2017. Thus far, the United States has provided undersigned counsel with a significant discovery, both documentary and audio-visual, and counsel recently provided the government with a one terabyte hard drive to obtain additional material which is expected to be voluminous.

5.  Undersigned counsel has begun to review the relevant discovery provided by the United States in this matter. Reviewing these voluminous materials, including with the defendant, will take hundreds of hours. The time required to review all the discovery and prepare necessary motions, coupled with the seriousness of the charges and the overall complexity of the case, means that counsel, and those working with him, will have significant demands on their time, while final resolution is likely years away. Therefore, counsel seeks permission of the Court to file interim vouchers.

6.  Given the nature of mounting a defense to a capital charge – including conducting a thorough mitigation investigation and preparing to participate in the Department of Justice's authorization process – and the voluminous nature of the discovery, this case requires a "team" working on the case. Therefore, Mr. Vines also requests that each of the court-appointed members of the defense team be permitted to file interim vouchers:

7.  The attached proposed order permitting interim payments to counsel, experts, and additional team members tracks language approved by the Office of the Federal Defender. Paragraph 3.06A of the Guidelines for the Administration of the Criminal Justice Act, sets forth the procedures to be followed when, due to the expected length of the trial in a particular case, a hardship would result if a service provider were required to provide services without compensation for such period. *See* 18 U.S.C. §3006A (e) (authorizing payment for essential defense service other than counsel).

8.  Defendant requests that approval for interim vouchers be effective *nunc pro tunc* to the date undersigned counsel entered his appearance on July 12, 2019, pursuant to the Criminal Justice Act, as counsel for Defendant in this case.

## CONCLUSION

WHEREFORE, for the above reasons, Defendant respectfully requests that this Court authorize interim voucher payments for counsel and all defense team members in this case.

> Respectfully submitted,
> Marcel Vines
> By Counsel

<u>/s/ Joseph T. Flood</u>
Sheldon & Flood, PLC
10621 Jones Street, Suite 301-A
Fairfax, VA  22030
(703) 691-8410
(703) 251-0757 (fax)
jflood@sfhdefense.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing notice was filed by CM/ECF on this the 29th day of October, 2019, which will then send a notification to counsel of record.

/*s*/ Joseph T. Flood
Joseph T. Flood, VSB #71716
Sheldon & Flood, PLC
10621 Jones Street, Suite 301-A
Fairfax, VA  22030
(703) 691-8410
(703) 251-0757 (fax)
jflood@sfhdefense.com