UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 19-cr-00166 (DLF) |
| : | |
| MARCEL VINES, : | |
| MALIQUE LEWIS, and : | |
| ASHTON BRISCOE, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S NOTICE OF INTENTION
TO ADMIT EVIDENCE OF DEFENDANTS' PRIOR
CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies the defendants and the Court of its intent to impeach the defendants, should either of them choose to testify, with their prior convictions pursuant to Fed. R. Evid. 609. In support of this notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this matter.

**Background**

Defendants Vines and Lewis are charged with two counts of Kidnapping Resulting in Death and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and § 2, Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(c), two counts of Kidnapping while Armed and Aiding and Abetting, in violation of 22 D.C. Code §§ 200, 4502, and 1805, two counts of First Degree Murder while Armed—Felony Murder (Aggravating Circumstances), First Degree Murder While Armed (Premeditated) (Aggravating Circumstances) and Aiding and Abetting, in violation of 22 D.C. Code §§ 2101, 4502, 2104.01(b)(1), and 1805, and several counts of firearms offenses associated with the kidnappings and murders. All of these charges relate to the

defendants' armed kidnapping of Armani Coles and Kerrice Lewis on December 28, 2017, that ultimately concluded later that day in the murder of both kidnapping victims.

1. **Vines' Prior Conviction**

As reflected in the Pretrial Services Report (ECF Doc. 5), defendant Vines has been previously convicted of the following offenses:

   a. On or about July 12, 2018, in the United States District Court for the District of Columbia, criminal case number 18-000042, the defendant was convicted of Prisoner Escape.  The defendant was sentenced to 10 months of incarceration and 36 months of supervised release.  On April 14, 2019, the defendant's period of incarceration in that case ended.

   b. On or about June 17, 2016, in the District of Columbia Superior Court, case number 2015-CF2-015181, the defendant was convicted of Possession with Intent to Distribute a Controlled Substance (PCP) and Unlawful Possession of a Firearm (Prior Conviction).  The defendant was sentenced to 16 and 18 months of incarceration and 5 years and 3 years of supervised release, respectively, to be served consecutive to 2015-CF2-003658.

   c. On or about May 8, 2015, in the District of Columbia Superior Court, case number 2015-CF2-003658, the defendant was convicted of Attempted Unlawful Possession of Liquid PCP.  The defendant was sentenced to 6 months of incarceration and 1 year of supervised release.

2. **Lewis' Prior Convictions**

As reflected in the Pretrial Services Report (ECF Doc. 6), defendant Lewis has been previously convicted of the following offense:

    a. On or about November 16, 2016, in District of Columbia Superior Court case number 2016-CF2-011824, defendant Lewis was convicted of Carrying a Pistol Without a License--Outside a Home or Business (CPWL) and Unlawful Possession of Liquid PCP. The defendant was sentenced to 28 months of incarceration (22 months suspended) on the CPWL conviction, and 24 months of incarceration (18 months suspended) on the PCP conviction. It also appears that he received 3 years of supervised release. On January 19, 2017, the defendant was released from imprisonment and commenced supervision.

Should either defendant choose to testify, the government intends to use these convictions to impeach them pursuant to Fed. R. Evid. 609.

## Rule 609

Rule 609 specifically provides that two types of prior convictions are admissible against a defendant. First, any conviction of any crime punishable by more than one year of imprisonment "must be admitted in a criminal case in which the witness is the defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1). Second, any crime involving "a dishonest act or false statement" must be admitted, regardless of the punishment. Fed. R. Evid. 609(a)(2). Thus, the very specific limits of Rule 609 suggest a broad standard of admissibility of convictions which do not run afoul of those limits.

However, the rule somewhat restricts the admissibility of felony convictions where the conviction or the release from confinement imposed for the conviction is more than ten years old. Fed. R. Evid. 609(b). Federal Rule of Evidence 609(b) allows the admissibility of felony convictions where the date of conviction or of the release from confinement imposed for the conviction is over ten years old if "its probative value, supported by specific facts and

circumstances, substantially outweighs its prejudicial effect" and "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Id.  Because of the recency of the defendants' conviction, this 10-year restriction is not applicable in this case.

## Argument

The aforementioned offenses for which the defendants have been convicted were punishable by more than one year of imprisonment.  This Court should permit the use of these convictions to impeach the defendants because the probative value substantially outweighs any prejudicial effect.  United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).  In Lipscomb, the D.C. Circuit Court of Appeals conducted an exhaustive review of the legislative history of Rule 609 and noted that "Congress believed that all felony convictions have some probative value on the issue of credibility." Id. at 1062.  Such convictions are particularly probative where a defendant's credibility is a central issue in the case should he or she choose to testify at trial. Id. at 1071.  The effect of prior convictions upon a juror's evaluation of witness testimony is well documented.  The serious nature of the defendant's prior offense may be considered by the jury as indicative of his or her lack of veracity as it is extremely probative of a defendant's respect for the law and is directly relevant to an examination of credibility.

The charges in the instant case arose from an interstate double kidnapping and homicide. Accordingly, should the defendants choose to testify, their credibility concerning their involvement in, and knowledge of, the kidnappings and murders, and their possession and use of firearms will be a central issue in this case.  The probative value of these convictions, therefore, is extremely high.  Moreover, the defendants' prior convictions, including for Escape, gun possession, drug possession, and drug trafficking, are especially probative because they constitute

deliberate, planned offenses that evidence a conscious disrespect for the law, and consequently, a disrespect for the oath and judicial proceedings.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?" Id. Here, the prejudicial effect of using these convictions for impeachment is substantially outweighed by the probative value of the convictions:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.3d 940, 951 (D.C. Cir. 1980). In Lewis, the court noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit . . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. Both defendant's convictions are probative of their credibility. Further, both defendant's prior firearm convictions, as well as their narcotics convictions, establish them as repeat offenders, which "enhances the probativeness" of their prior convictions because they demonstrate that their previous conduct is not an "isolated criminal episode . . . from which he has been rehabilitated." Lipscomb, 702 F.2d at 1071. Additionally, the instant case does not even present the concern noted in Lewis, where the prior convictions involved the same type of conduct that is pivotal in the prosecution. Here, the prior convictions do not involve kidnapping or murder that might have carried more prejudice in the instant case.

In determining whether the probative value of a prior conviction substantially outweighs its prejudicial effect, the Court "should consider the following relevant factors: (1) the kind of

5

crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant; and (5) generally, the impeachment value of the prior crime." United States v. Pettiford, 238 F.R.D. 33, 41 (D.D.C. 2006) (quoting United States v. Butch, 48 F. Supp. 2d 453, 464 (D.N.J. 1999)).

As stated above, felony convictions are particularly probative where, as here, a defendant's credibility is a central issue in the case should he or she choose to testify at trial. Lipscomb, 702 F.2d at 1071. Prior convictions may be pivotal to a jury's evaluation of a defendant's testimony and the serious nature of the defendant's prior offense may be considered by the jury as indicative of his or her lack of veracity as it is extremely probative of a defendant's respect for the law and is directly relevant to an examination of credibility. The government should, therefore, be entitled to challenge the defendants' credibility with felony convictions. The probative value far outweighs any prejudice to the defendants and any prejudice can be cured by an appropriate cautionary instruction to the jury by the Court.

Accordingly, the United States should be allowed to impeach the defendants with their prior felony convictions, particularly when considering that defendants' illegal behavior did not stop with those convictions. For both defendants, there has been no significant break in their illegal activity, particularly for Vines who even committed an Escape while he was restricted to a halfway house. Accordingly, a jury should be afforded the opportunity to hear about the defendants' prior felony convictions when evaluating their credibility. This is not a case where the United States is attempting to use stale convictions against arguably reformed defendants who have no intervening convictions. The defendants have a recent history of criminal activity and a jury should be afforded the opportunity to properly evaluate their credibility if they testify. Compare United States v. Townsend, 555 F.2d 152, 159 (7th Cir. 1977) (impeachment of defendant allowed with convictions

over 10 years old after Court considered defendant's lack of reform and rehabilitation and his continuing criminal activity).

Where the credibility of a witness is crucial to the jury's determination of guilt or innocence, courts have even allowed use of convictions much older than 10 years. United States v. Colon, 480 Fed. Appx. 509, 513 (11th Cir. 2012) (court allowed defendant to be impeached by a 12 year-old conviction for passing bad checks because it "involved a similar *mens rea*" as the instant charges for bank fraud and conspiracy); United States v. Spero, 625 F.2d 779 (8th Cir. 1980) (court allowed defendant to be impeached by a 22 year-old grand theft conviction in trial for conspiracy to possess unregistered destructive device); United States v. Murray, 751 F.2d 1528 (9th Cir. 1985), cert. denied sub nom. Moore v. United States, 474 U.S. 979 (1985) (court allowed impeachment of defendant by 17 year-old conviction for receiving stolen property in prosecution for conspiracy to conceal assets in bankruptcy); United States v. Cavender, 578 F.2d 528 (4th Cir. 1978) (court disapproved impeachment use of 25 year-old sodomy conviction in trial for unregistered firearm, but allowed use of 15 year-old forgery conviction, 21 year-old probation violation, and 7 year-old conviction for interstate transportation of stolen vehicles); Mattiaccio v. DHA Group, Inc., CV 12-1249 (CKK), 2019 WL 6498865, at *11 (D.D.C. Dec. 3, 2019) (court is "willing to admit stale convictions" where witness credibility is relevant to the disputed issues). Accordingly, the recency of the defendants' convictions further supports their admissibility.

Thus, because the probative value of the defendants' prior convictions substantially outweighs any prejudicial effect, the prior convictions can be properly used for impeachment.

## Conclusion

WHEREFORE, the government respectfully notifies the defendants and the Court of its intent to use his prior convictions for impeachment purposes.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481-052


By:    /s/   *George Eliopoulos*
        George Eliopoulos
        D.C. Bar No. 390601
        Kimberley C. Nielsen
        Colleen Kukowski
        Assistant United States Attorneys
        601 D Street, N.W., Room 5.208
        Washington, D.C.  20530
        (202) 252-6957
        george.p.eliopoulos@usdoj.gov